IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § | No. 3:21-cr-645-BN |
| LUIS ERNESTO ALFARO, JR., | § § § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER REVOKING PROBATION

## Background

Defendant Luis Ernesto Alfaro, Jr. was sentenced to a one-year term of probation for violating 8 U.S.C. § 1325(a)(2), Aiding and Abetting Eluding Inspection. That term began on August 30, 2021.

Jurisdiction was transferred to this district on December 23, 2021.

**A.    Alleged Violations**

Prior to the transfer, on November 23, 2021, the supervising United States Probation Officer (USPO) submitted a petition for offender under supervision (Petition) alleging the following, including four violations:

> [Mandatory Condition]
> You must not commit another federal, state, or local crime.
> On November 22, 2021, the defendant was charged by the Dallas Police Department with Assault of a Pregnant Person. This case remains pending in the Criminal District Court Number 2 located in Dallas, Texas.
>
> [Special Condition]
> You must participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You may be required to pay all or a portion, of the costs of the program.

The defendant failed to attend any of his substance abuse treatment sessions at Homeward Bound Incorporated in Dallas, Texas, for the month of October thru November 2021.

[Mandatory Condition]
You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

On September 9, 2021, the defendant admitted to United States Probation Officer Mirela Kukolj in Arlington, Texas, to consuming marijuana on September 6, 2021. Subsequently, on September 15, and October 15, 2021, the defendant submitted urine specimens positive for marijuana at Homeward Bound Incorporated, in Dallas, Texas.

[On] October 19, 2021, the defendant submitted a urine specimen positive for cocaine at Homeward Bound Incorporated in Dallas, Texas. On October 29, 2021, he admitted to United States Probation Officer Mirela Kukolj cocaine consumption on or about October 19, 2021.

[On] October 27, 2021, the defendant submitted a urine specimen positive for cocaine and marijuana at Homeward Bound Incorporated in Dallas, Texas. On October 29, 2021, the defendant admitted to United States Probation Officer Mirela Kukolj to consuming marijuana daily from September 6, 2021, to October 27, 2021.

[Standard Condition]
You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

On November 16, 2021, a home visit was conducted to the defendant's listed address, which revealed the apartment was vacant. The defendant failed to notify United States Probation Officer Mirela Kukolj of the change in address.

This marks the defendant's fourth positive drug test for illegal controlled substances since 08/30/2021.

Pursuant to 18 U.S.C. 3583(g)(4) if the defendant tests positive for illegal controlled substances more than three times over the course of one year, supervision must be revoked, and the defendant must be sentenced to a term of imprisonment. However, sentencing provisions authorize the Court, acting in accordance with sentencing guidelines, to exempt an offender who fails a drug test, from the mandatory revocation and imprisonment provisions, pursuant to 18 U.S.C. 3563(e) and 18 U.S.C. 3583(d).

The maximum statutory penalty: 6 months imprisonment; 1 year supervised release. The revocation range of imprisonment: Class B misdemeanor. The guidelines do not apply.

….

On August 30, 2021, the defendant commenced his one-year probation term residing with his pregnant girlfriend, Bianca Vasquez and their two children in Dallas, Texas. Immediately upon commencement of supervision, the defendant began displaying non-compliant behavior, all which have led to this Petition to Revoke Probation.

On September 9, 2021, the defendant met virtually with United States Probation Officer (USPO) Mirela Kukolj in the Northern District of Texas for case opening. He admitted to marijuana and alcohol consumption on September 6, 2021, during his birthday party. As a result of his drug use, he was referred to Homeward Bound Incorporated in Dallas, Texas, for virtual outpatient treatment. On September 29, 2021, it was learned the defendant had been unresponsive to Homeward Bound Incorporated and failed to provide his complete intake packet, thus delaying commencement of his treatment services. Upon establishing contact with the defendant, he was directed to provide his paperwork; however, he failed to do so until October 5, 2021. Since then, the defendant failed to attend any of his substance abuse treatment sessions.

Furthermore, the defendant has failed to call daily for his drug test and submit a urine specimen as scheduled.

On all occasions, the defendant has submitted a drug test the day after he's been advised of his failure to appear for the drug test. The drug tests that have been collected have returned positive either for marijuana or cocaine.

His admission to marijuana consumption daily from September 6, 2021, to October 27, 2021, and his lack of motivation to attend treatment, demonstrates his sobriety is not a priority at this time. It is to be noted, the defendant also admitted to alcohol consumption leading to his cocaine use. Additionally, he admitted not calling daily for his drug test due to his continued illegal substance consumption.

Despite all the above non-compliance and having enough reason to proceed with a Petition to Revoke Probation, the United States Probation Office in the Northern District of Texas continued to work with the defendant. His USPO began exploring treatment modifications and alternatives. However, this was brought to a halt on November 16, 2021, when it was learned the defendant moved from his approved residence without permission and not notifying his USPO of his whereabouts. Per the apartment complex, the apartment was officially vacated on November 15, 2021, but not lived in for the preceding two weeks.

Subsequently, on November 22, 2021, the defendant was arrested by Dallas Police Department, in Dallas, Texas. Per the Incident Report, on November 22, 2021, the defendant's girlfriend, Ms. Vasquez went over to the

defendant's new residence to discuss matters concerning their children. The encounter led to an argument, followed with the defendant punching Ms. Vasquez multiple times with closed fists all over her body and leaving visible bruising. Subsequently, he forced her into the bathroom and hit her over the head with a glass liquor bottle causing a severe laceration to her head requiring stitches. Ultimately, the defendant took Ms. Vasquez to the hospital after she claimed to feel as she was dying. At the hospital, Ms. Vasquez disclosed the defendant hit her causing her injuries. Parkland Memorial Hospital officers arrested the defendant after he attempted to flee on foot. Ultimately custody was ceded to Dallas Police Department and the defendant is pending charges for Assault of a Pregnant Person at the Criminal District Court Number 2 in Dallas County, Texas. He has conditions of release with a $30,000 bond. At the time of the arrest, the defendant also had active traffic related warrants for which he was assessed a fine. The defendant's adjustment to probation has been poor as evident by his non-compliance and the seriousness of his new charge. It is to be noted, Ms. Vasquez, isapproximately 22 weeks pregnant with the defendant's child.

SENTENCING PROVISIONS

Statutory

Pursuant to 18 U.S.C. 3565(a)(2), the Court may revoke probation and sentence the defendant to any sentence that was authorized at the time of the original sentencing. However, the Court is not limited to sentence the defendant within the original guideline range of imprisonment. The original charge is classified as a class B misdemeanor. The statutorily authorized maximum term of imprisonment for the underlying offense is up to 6 months pursuant to 18 U.S.C. 1325(a)(2).

Additionally, pursuant to 18 U.S.C. 3565 (b)(1), (2), (3), and (4), if the defendant is found to have possessed a controlled substance or firearm, refused to comply with drug testing, or tests positive for illegal controlled substances more than three times over the course of one year, supervision must be revoked and the defendant must be sentenced to a term of imprisonment. However, sentencing provisions authorize the Court, acting in accordance with sentencing guidelines, to exempt an offender who fails a drug test, from the mandatory revocation and imprisonment provisions, pursuant to 18 U.S.C. 3563(e) and 18 U.S.C. 3583(d).

Guidelines

The defendant has been charged with a grade violation pursuant to the policy statement in Sections 7B1.1(a)(1), (2), and (3). The criminal history category is [I], which was the criminal history category at the time of the defendant's original sentence. A grade violation and a criminal history category of establishes a revocation imprisonment range of months pursuant to the policy statement in Section 7B1.4(a).

According to the Guidelines Manual Chapter 7B1., Part B titled Probation and Supervised Release Violations, "Consistent with 1B1.9 (Class B

or C Misdemeanors and Infractions), this chapter does not apply in the case of a defendant under supervision for a Class B or C misdemeanor or an infraction." Therefore, the guidelines do not apply.

Dkt. No. 4 at 1-4.

The Court issued a warrant for Defendant. Defendant made his initial appearance in this district on February 7, 2022. He was then ordered released on conditions pending a final probation revocation hearing.

On February 24, 2022, the supervising probation officer submitted an Addendum to Petition for Person Under Supervision, in which he alleged:

> Since the Petition for Revocation of Supervised Release was filed in the District of New Mexico on November 24, 2021, and subsequently filed in the Northern District of Texas on January 4, 2022, the following update has been received concerning Luis Ernesto Alfaro, Jr.'s arrest on November 22, 2021, for Aggravated Assault Family Violence.
> On November 23, 2021, the case was filed with Dallas County Criminal District Court No. 2, under Case No. F-2161010. The original charge was upgraded to Assault of Pregnant Person, in violation of Texas Penal Code 22.01(b)(7), a Third-Degree felony. On December 23, 2021, Mr. Alfaro was indicted by the Grand Jury. On January 28, 2022, Mr. Alfaro pled guilty to a reduced charge, Assault Family Violence, a Class A misdemeanor, and he was sentenced to 30 days county jail with no fine.
> ***The additional information DOES NOT affect the Statutory Provisions and Chapter 7 Violation Computations do not apply in this case.***
> Statutory Provisions — Protect Act Probation
>     Statutory Maximum Custody: 6 months. 18 U.S.C. § 3565(a)(2)
>     Mandatory Revocation Statutes: Mandatory revocation for possession of a controlled substance and more than 3 positive drug tests over the course of 1 year. Sentence to a term of imprisonment. 18 U.S.C. §§ 3565(b)(1) & (b)(4).
>     Fine: None.
>     Supervised Release: Not authorized. 18 U.S.C. §§ 19 and 3583(b)(3).
>     If a defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the Court may, (1) continue him/her on probation, with or without extending the term or modifying or enlarging the conditions; or (2) revoke the sentence of probation and resentence the defendant under Subchapter A. 18 U.S.C. § 3565. Further, when a defendant is sentenced following revocation of probation, the District Court is

>not limited to the sentencing range available at the time of the original sentence. U.S. v. Pena, 125 F.3d 285, (5th Cir. 1997).
>
>>Chapter 7 Violation Computations
>
>>The violation computations, pursuant to the United States Sentencing Guidelines policy statement, Chapter 7, do not apply in this case because the original offense of conviction is a Class B misdemeanor. USSG §1B1.9.
>
>>Pursuant to U.S. v. Miller, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when modifying or revoking a term of supervised release.
>
>>In U.S. v. Tapia, 131 S. Ct. 2382 (2011), the Supreme Court held that Section 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

Dkt. No. 17 at 1-2. The Court ordered that "[t]he additional information be added to the Probation Form 12C order filed on November 24, 2011, and January 4, 2022." *Id.* at 2.

## B.  Revocation Hearing

Defendant appeared with counsel for a final revocation hearing on March 8, 2022.

After his competence was established, Defendant testified under oath that he understood the violations alleged in the Petition and Addendum and the range of punishment for those violations. He understood that she had the right to plead not true and have a hearing concerning whether he committed those violations.

Defendant agreed to – and did – plead true to all of the alleged violations in the Petition and Addendum, except for any allegation that he committed the originally charged felony offense assault conduct, and the government agreed not to pursue any allegation that he committed the originally charged felony offense assault conduct.

Defendant's counsel and the government's counsel each made statements related to the appropriate punishment on revocation for these violations. Defendant's counsel advocated for a prison term of less than 4 months. The government urged the Court to impose a guideline sentence of 4 to 6 months imprisonments. Defendant himself was afforded an opportunity to make a statement, and he did so, as did his mother. And Defendant was advised of his right to appeal.

## Analysis

18 U.S.C. § 3565(a) provides that, "[i]f the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may, after a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, and after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable – (1) continue him on probation, with or without extending the term or modifying or enlarging the conditions; or (2) revoke the sentence of probation and resentence the defendant under subchapter A." 18 U.S.C. § 3565(a).

"The probation-revocation statute, unlike the revocation-of-supervised-release statute, says nothing about the level of evidence required. *Compare* 18 U.S.C. § 3565 (setting out no burden of persuasion for revocation of probation) *with* 18 U.S.C. § 3583(e) (declaring that preponderance of the evidence is the burden of persuasion for revocation of supervised release. But several circuit courts of appeal have determined that a probation violation must be based on a preponderance of the evidence. *United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996).... Preponderance of the evidence is

defined as [t]he degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue." *United States v. Peterson*, No. 1:13-cr-10-P-BL-1, 2016 WL 1055951, at *4 (N.D. Tex. Jan. 25, 2016), *rep. & rec. adopted*, 2016 WL 1070836 (N.D. Tex. Mar. 16, 2016) (cleaned up). And, consistent with this authority, the Court concludes that the governing rule is that a finding of a probation violation must be based on a preponderance of the evidence. *See Teran*, 98 F.3d at 836.

"For the modification or revocation of a supervised release term, the district court may not rely on § 3553(a)(2)(A), which allows the district court to impose a sentence that reflects the 'seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense,'" but "no such restriction exists on the consideration of the § 3553(a) factors in regard to the revocation of probation." *United States v. Kippers*, 685 F.3d 491, 498 n.4 (5th Cir. 2012). But courts may not impose or lengthen a prison term in order to foster a defendant's rehabilitation. *See United States v. Tapia*, 131 S. Ct. 2382 (2011); *accord United States v. Wooley*, 740 F.3d 359, 364 n.3 (5th Cir. 2014) ("*Tapia* likewise applies to revocation of probation").

Revocation of a term of probation is mandatory if the defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug testing, or tests positive for illegal controlled substances more than three times over the course of one year. *See* 18 U.S.C. § 3565(b). But 18 U.S.C. § 3563(e) also provides that "[t]he court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such

programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3565(b), when considering any action against a defendant who fails a drug test administered in accordance with subsection (a)(5)." 18 U.S.C. § 3563(e); *see also United States v. Brooker*, 858 F.3d 983 (5th Cir. 2017) (noting the issue of whether the analogous 18 U.S.C. § 3853(d) exception applies where the established violations of a defendant's conditions of supervised release include more than failing a drug test).

As set out in the Petition and the Addendum, the statutory maximum term of incarceration upon revocation of Defendant's probation is 6 months, and the guidelines do not apply.

During his term of probation, Defendant was actively using marijuana and cocaine, failed to communicate with his probation officer, and was arrested on a new state charge. Defendant was provided with resources to assist him in living a crime-free lifestyle and to address his substance abuse problem, but continued to use illegal substances, posing a risk to the community. He has tested positive for illegal controlled substances more than three times over the course of 1 year and is now subject to mandatory revocation and a sentence of imprisonment, pursuant to 18 U.S.C. §§ 3565(b)(1) & (b)(4).

Based on Defendant's knowing and voluntary pleas of true to the alleged violations in the Petition and the Addendum, Defendant has violated his conditions of probation, and revocation of his probation is mandatory. Even insofar as Section 3563(e) requires the Court to consider the availability of appropriate substance abuse

treatment programs, or an individual's current or past participation in such programs, as a possible exception to mandatory revocation where Defendant's violations include possession of a controlled substance and more than 3 positive drug tests over the course of 1 year, the Court will not, in its discretion, apply this exception. Defendant has failed to take advantage of the opportunities for substance abuse treatment that he has been afforded.

Here, a sentence of 3 months would accomplish the relevant sentencing objectives, as identified in 18 U.S.C. § 3563(a) and set forth in 18 U.S.C. § 3553(a). This revocation sentence is intended to protect the public and assist Defendant with learning from and avoiding further problematic behavior in the future, and the Court finds that this sentence is sufficient but not greater than necessary to protect the community and provide adequate deterrence from further criminal or noncompliant behavior.

Defendant has continually violated his conditions of probation through using prohibited drugs despite interventions and opportunities to obtain compliance. And he committed a new, violent offense while on probation.

But Defendant has now shown remorse and admitted he has made mistakes despite his probation officer's efforts to help him. And, as Defendant's counsel noted, Defendant has already served 67 days in state custody in connection with the misdemeanor family violence charge to which he pleaded guilty and for which he was convicted and sentenced in state court.

**Conclusion and Order**

Defendant Luis Ernesto Alfaro, Jr.'s term of probation is revoked, and he is committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 3 months. Defendant should receive credit for time served, and, as requested by Defendant's counsel, the Court recommends to the Bureau of Prisons that Defendant be placed in FCI Seagoville.

Defendant Luis Ernesto Alfaro, Jr. is ordered to surrender **before 2:00 p.m. Central Time on Monday, April 11, 2022** to the institution designated by the Bureau of Prisons, and he will remain on release on the Court's Order Setting Conditions of Release [Dkt. No. 15] pending his self-surrender.

SO ORDERED.

DATED: March 8, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE